Filed: February 7, 2002


IN THE SUPREME COURT OF THE STATE OF OREGON



DAVID J. HUNNICUTT
and LAWRENCE B. GEORGE,

 Petitioners,

 v.


HARDY MYERS,
Attorney General,
State of Oregon,

 Respondent.

JONATHAN POISNER,

 Petitioner,

 v.


HARDY MYERS,
Attorney General,
State of Oregon,

 Respondent.


(SC S49001 (Control), SC S49019)
(Cases Consolidated)



 En Banc


 On petitions to review ballot title.


 Argued and submitted January 15, 2002.


 David J. Hunnicutt, Tigard, argued the cause and filed the
petition for himself and petitioner George.


 Charles Swindells, Portland, argued the cause and filed the
petition for petitioner Poisner.


 Janet A. Metcalf, Assistant Attorney General, Salem, argued
the cause and filed the answering memoranda for respondent. With
her on the answering memoranda were Hardy Myers, Attorney
General, and Michael D. Reynolds, Solicitor General. 


 GILLETTE, J.


 Ballot title referred to Attorney General for modification.

 GILLETTE, J.

 In these consolidated ballot title review proceedings,
petitioners variously challenge all parts of the Attorney
General's certified ballot title for a proposed initiative
measure, which the Secretary of State has denominated as
Initiative Petition 119 (2002). We review the Attorney General's
certified ballot title to determine whether it substantially
complies with the requirements of ORS 250.035(2)(a) to (d). See
ORS 250.085(5) (setting out that standard of review).

 The substantive part of the proposed measure states:

 "Any amendments made to Section 18 of Article I of
the Constitution of the State of Oregon by the people
at the general election held November 7, 2000, are
hereby repealed."


The purpose and effect of the proposed measure, if adopted, would
be to repeal Ballot Measure 7 (2000) (Measure 7), an initiative
measure approved by the people in November 2000, the
constitutional validity of which presently is before this court
in two cases, League of Oregon Cities v. State of Oregon (S48450)
and McCall v. Kitzhaber (S48451). There was no other
"amendment[] made to Section 18 of Article I of the Constitution
of the State of Oregon by the people at the general election held
November 7, 2000."

 Before the November 2000 general election, Article I,
section 18, of the Oregon Constitution, provided, in part:

 "Private property shall not be taken for public
use * * * without just compensation; nor * * * in the
case of the state, without such compensation first
assessed and tendered[.]"

Measure 7 would add to the foregoing "just compensation" or
"takings" provision of the Oregon Constitution a requirement
that, with certain exceptions, governments reimburse private
property owners for any diminution in the value of their land
caused by governmental regulation. (1)

 We first consider the Attorney General's caption. ORS
250.035(2)(a) requires that a ballot title contain a caption of
not more than 15 words (not counting, in the case of a proposed
constitutional amendment, the words "amends constitution") that
"reasonably identifies the subject matter of the state measure." 
The Attorney General's caption for the proposed initiative
measure states:

 "AMENDS CONSTITUTION: REPEALS ANY 2000
AMENDMENTS
TO CONSTITUTIONAL PROVISION
FOR JUST COMPENSATION WHEN
GOVERNMENT
TAKES PRIVATE PROPERTY"


 Petitioner Poisner objects to the Attorney General's
use in the caption of the description, "amendment[] to [Oregon's]
constitutional provision for just compensation when government
takes private property." Petitioner Poisner acknowledges that
Measure 7 indeed purports to add considerable wording to Article
I, section 18, the "just compensation" provision, but, he
asserts, none of that added wording "amends" the "just
compensation" wording that already is in the constitutional
provision and would remain there. Instead, he argues, the effect
of Measure 7 would be cumulative, and the ballot title caption
should reflect that.

 We agree. As presently worded, the caption could
create the misimpression that, in voting to repeal "any
amendments" to Article I, section 18, made in the year 2000, a
voter would be voting to modify or eliminate the constitutional
right to "just compensation" itself. The matter must be referred
to the Attorney General for modification.

 Petitioner Poisner offers additional objections and
suggestions respecting all parts of the ballot title, but we find
none to be well taken. We turn to the arguments of petitioners
Hunnicutt and George.

 Petitioners Hunnicutt and George offer arguments
concerning all the parts of the Attorney General's certified
ballot title. We conclude that one, concerning the summary, is
well taken. Petitioners Hunnicutt and George object to the
inclusion in the Attorney General's certified summary of the
following sentence: "[Measure 7] did not include any funding
mechanism to pay for compensation claims." Petitioners Hunnicutt
and George assert that the foregoing sentence, although it might
tell voters something about Measure 7, tells them nothing about
the proposed measure to which the Attorney General's summary is
supposed to relate. We agree. The sentence should be omitted.

 Ballot title referred to Attorney General for
modification.




1. The trial court in League of Oregon Cities and McCall
issued a temporary injunction in December 2000 that prevented
Measure 7 from going into effect. In March 2001, the trial court
issued a judgment declaring that Measure 7 had not become
effective and was not part of the Oregon Constitution. That
judgment remains in place, pending this court's determination of
the constitutional validity of Measure 7.

Return to previous location.